[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15152
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cr-00028-CEM-TBS-2

UNITED STATES OF AMERICA,

                                                       Plaintiff - Appellee,

versus

JURDEN ROGERS,

                                                      Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 7, 2019)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Jurden Rogers appeals the district court's denial of his motion to dismiss his § 924(c) charge and his subsequent conviction for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Rogers argues that his conviction for federal bank robbery, in violation of 18 U.S.C. § 2113(a), required sufficient force or *mens rea* to qualify as a crime of violence under § 924(c). Rogers also contends that the district court clearly erred in finding that he had committed perjury at trial and erroneously applied the guideline enhancement for perjury. Additionally, Rogers challenges for the first time on appeal the specificity of the district court's findings regarding perjury.

## I.

We review *de novo* whether a crime is a crime of violence under 18 U.S.C. § 924(c). The prior-precedent rule binds us to follow a prior binding precedent unless and until it is overruled or undermined to the point of abrogation by this Court *en banc* or the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). To undermine our precedent to the point of abrogation, a subsequent decision of the Supreme Court must be squarely on point and directly conflict with a holding rather than merely weaken it. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). The prior-precedent rule "applies with equal force" to published decisions involving applications to file second or

2

successive habeas petitions. *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 246 (2018).

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking crime. 18 U.S.C. § 924(c)(1). For the purposes of § 924(c), "crime of violence" means an offense that is a felony and

    (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The first clause is referred to as the elements clause, and the second clause is referred to as the residual clause. In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court ruled that the residual clause was unconstitutionally vague.

We use a categorical approach to determine whether an offense qualifies as a crime of violence under the elements clause of § 924(c)(3). *Ovalles v. United States*, 905 F.3d 1300, 1302-03 (11th Cir. 2018). Under that approach, we look to the elements of the offense of conviction, presume "'that the conviction rested upon nothing more than the least of the acts criminalized,'" and then determine whether those acts qualify as crimes of violence. *United States v. Vail-Bailon*, 868

3

F.3d 1293, 1296 (11th Cir. 2017) (en banc) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 185 (2013)), *cert. denied*, 138 S. Ct. 2620 (2018).

With the categorical approach in mind, we consider the crime of federal bank robbery. Federal bank robbery may be committed "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). "Under section 2113(a), intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) (quotation marks omitted). "Whether an act constitutes intimidation is viewed objectively, and a defendant can be convicted under section 2113(a) even if he did not intend for an act to be intimidating." *Id.* (citation omitted).

We have held that federal bank robbery is a crime of violence under the elements clause of § 924(c)(3). *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016); *see Ovalles*, 905 F.3d at 1304 (citing *Sams*, 830 F.3d at 1239) (stating that federal bank robbery "'by intimidation'" categorically qualifies as a crime of violence under § 924(c)(3)(A) (quoting 18 U.S.C. § 2113(a))). We reasoned that federal bank robbery qualifies as a crime of violence because "[a] taking 'by force and violence' entails the use of physical force [and] a taking 'by intimidation' involves the threat to use such force." *Sams*, 830 F.3d at 1239 (quoting *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)).

Here, our prior precedent of *Sams* precludes Rogers's argument that bank robbery is not a crime of violence under § 924(c)(3)'s elements clause. Rogers's argument is little more than that we should revisit *Sams*. While *Davis* invalidated § 924(c)(3)'s residual clause as unconstitutionally vague, a crime needs to satisfy only one clause of § 924(c)(3) to be considered a crime of violence, and *Sams* holds that bank robbery is a crime of violence under the elements clause. Accordingly, we affirm the district court's denial of Rogers's motion to dismiss the § 924(c) charge and Rogers's § 924(c) conviction.

## II.

We review for clear error the district court's factual findings supporting an obstruction-of-justice enhancement, and we give due deference to the district court's application of the Guidelines to those facts. *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002). In doing so, we accord great deference to the district court's credibility determinations. *Id.* We will not hear challenges to the specificity of the district court's findings regarding perjury if they were not raised at the sentencing hearing.[1] *United States v. Esquenazi*, 752 F.3d 912, 938 (11th Cir. 2014), *superseded on other grounds by statute as recognized in United States v. Gross*, 661 F. App'x. 1007, 1023 (11th Cir. 2016).

---

[1] At sentencing, the district court must allow the defendant's attorney to comment on the PSI and other matters relating to an appropriate sentence. Fed. R. Crim. P. 32(i)(1)(C). After imposing a sentence, the district court must (1) elicit fully articulated objections to the court's findings of fact and conclusions of law, and (2) ensure that the grounds are clearly stated. *See United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007). Here, that occurred.

Rogers did not challenge the specificity of the district court's findings at sentencing, so he cannot challenge it here. But even if he could, he could not succeed.

A factual finding is clearly erroneous only if it leaves us with a "'definite and firm conviction that a mistake has been committed.'" *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). A factual finding cannot be clearly erroneous when the factfinder chooses between two permissible views of the evidence. *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).

"Although it is preferable that the district court make specific findings by identifying the materially false statements individually, it is sufficient if the court makes a general finding of obstruction encompassing all the factual predicates of perjury." *United States v. Duperval*, 777 F.3d 1324, 1337 (11th Cir. 2015) (citation and quotation marks omitted). To satisfy the factual predicates for a finding of perjury, the testimony must have been (1) under oath; (2) false; (3) material; and (4) given with the willful intent to provide false testimony. *Singh*, 291 F.3d at 763 & n.4. The district court makes a sufficient general finding of obstruction when it expressly adopts the facts in the presentence investigation report ("PSI") and the PSI addresses in detail the defendant's actions that warrant the enhancement. *United States v. Smith*, 231 F.3d 800, 820 (11th Cir. 2000).

Here, the district court did just that. It complied with its obligation to make a general finding of obstruction encompassing all the factual predicates of perjury by expressly adopting the PSI and the probation officer's position in the PSI addendum. In short, the district court did not clearly err in finding Rogers committed perjury based on the evidence at trial that contradicted Rogers's testimony. The district court correctly applied the guidelines enhancement for obstruction of justice.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 07, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-15152-GG
Case Style: USA v. Jurden Rogers
District Court Docket No: 6:18-cr-00028-CEM-TBS-2

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion